IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN JERMAINE JOHNSON | * | |
| Petitioner, | * | Civil Action No. RDB-13-2882 |
| v. | * | Criminal Action No. RDB-10-0703 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**<u>MEMORANDUM OPINION</u>**

The *pro se* Petitioner Kevin Jermaine Johnson ("Petitioner" or "Johnson") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100*)*. In support of this Motion, Petitioner argues that his attorney rendered ineffective assistance of counsel, in violation of his rights under the Sixth Amendment to the United States Constitution, and that this Court improperly enhanced his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

Petitioner has subsequently filed a Motion for Leave to Supplement his Motion to Vacate (ECF No. 108). In his supplement, Petitioner clarifies his prior argument and additionally argues that his sentence should be amended because the "residual clause" of the ACCA has been declared unconstitutional by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

1

Currently pending before this Court are Petitioner's Motion to Vacate (ECF No. 100) and Motion for Leave to Supplement (ECF No. 108).[1] Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Petitioner's Motion to Vacate (ECF No. 100) is DENIED.

## **BACKGROUND**

Following a three-day trial, a jury convicted Petitioner Kevin Jermaine Johnson ("Petitioner" or "Johnson") of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). Jury Verdict, ECF No. 69. At sentencing, this Court determined that Johnson qualified as an armed career criminal under 18 U.S.C. § 924(e) based on his conviction in the year 2000 for possession with intent to distribute cocaine; February of 2002 conviction for possession with intent to distribute narcotics; and November of 2002 conviction for possession with intent to distribute narcotics.[2] Presentence Report ¶¶ 31, 35, 36. Johnson was sentenced to 216 months imprisonment and three years supervised release. Judgment, ECF No. 81.

Johnson appealed this Court's judgment to the United States Court of Appeals for the Fourth Circuit, challenging the sufficiency of the evidence presented against him at trial, this Court's evidentiary findings, the propriety of the jury instructions, and the

---

[1] Petitioner's Motion for Leave to Supplement (ECF No. 108) is GRANTED. This Court will supplement Petitioner's Motion to Vacate with the additional arguments raised in his supplemental filing and will address them in disposing of the pending Motion to Vacate (ECF No. 100).

[2] Petitioner was charged under Maryland Code, Article 27 § 286(a) and sentenced under § 286(b), which provided that "[a]ny person who violates any of the provisions of subsection (a) of this section with respect to: (1) A substance classified in Schedules I or II which is a narcotic drug is guilty of a felony and is subject to imprisonment for not more than 20 years, or a fine of not more than $25,000, or both." *State v. Green*, 826 A.2d 486, 490-91 n.1 (Md. 2003).

constitutionality of 18 U.S.C. § 924(e). Judgment of USCA, ECF No. 94. The Fourth Circuit rejected Johnson's claims and affirmed his conviction and sentence. *Id.* Shortly thereafter, Petitioner filed the pending Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 100).

## STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted). In order to establish a claim for ineffective assistance of counsel, Petitioner must prove both elements of the test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was so deficient as to fall below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was unconstitutionally deficient, courts adopt a "strong presumption" that his or her actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. In order to establish this level of prejudice, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Satisfying either of the two parts of the test alone is not sufficient; rather, Petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *See id.* at 687.

## ANALYSIS

Petitioner raises six arguments. First, he argues that whether or not he qualified for an ACCA enhancement was a matter of fact that should have been determined by a jury;

second, he contends that he does not qualify for the ACCA enhancement because he received a five year sentence for one of his qualifying prior convictions; and third, he argues that his classification as an armed career criminal represented a "miscarriage of justice" and violation of his Fifth and Sixth Amendment rights.[3] Additionally, Petitioner argues that he received ineffective assistance of counsel because his trial counsel did not object to his sentencing enhancement under the ACCA; his trial counsel failed to investigate, or challenge the sufficiency of, Petitioner's prior convictions; and because his appellate counsel failed to object to Petitioner's classification as an armed career criminal on appeal.

## I. Petitioner was properly sentenced under the Armed Career Criminal Act

Petitioner challenges this Court's finding that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See* Pet'r's Mot. to Vacate at 6. The ACCA mandates a fifteen-year minimum prison sentence for anyone "who violates section 922(g) of [Title 18] and has three previous convictions by any court referenced in 922(g)(1) of [Title 18] for a violent felony or serious drug offense, or both, committed on occasions different from one another...." 18 U.S.C. § 924(e). 18 U.S.C. § 924(e)(2)(A)(ii) defines a "serious drug offense" as one "for which a maximum term of imprisonment of ten years or more is prescribed by law."

### A. This Court properly determined by a 'preponderance of the evidence' that Petitioner qualified for the ACCA penalty enhancement

Petitioner cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000) for the proposition that any matter of fact that "increases the maximum penalty for a crime must be charged in an

---

[3] The Government argues that Petitioner committed a procedural default by failing to raise these issues at his original sentencing or on direct appeal. Govt's Response at 4, ECF. No. 103. This Court notes the Government's objection, but will proceed to consider Petitioner's arguments herein.

indictment, submitted to a jury, and proved beyond a reasonable doubt." Pet'r's Mot. to Vacate at 3, ECF No. 100. Relying on *Apprendi*, Petitioner argues that the jury should have determined whether his prior convictions qualified as "serious drug offenses" under the ACCA. Pet'r's Mot. to Vacate at 5, ECF No. 100. However, Petitioner misreads *Apprendi*, which specifies that this standard applies to "any fact *other* than prior conviction." [4] *Apprendi*, 530 U.S. at 466 (emphasis added). *Apprendi* carves out a general exception to jury review for prior convictions. Moreover, the Supreme Court has concluded that the "Sixth Amendment permits a judge to find the fact of prior conviction by a mere preponderance of the evidence, even if the fact raises the statutory maximum or minimum penalty for the current offense." *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *also United States v. McDowell*, 745 F. 3d 115 (4th Cir. 2014).

Therefore, this Court acted properly in concluding, under a preponderance of the evidence standard, that Petitioner had the three predicate convictions necessary to enhance his sentence under the ACCA. *See Apprendi v. New Jersey,* 530 U.S. at 490 (finding predicate offenses need not be charged in the indictment or submitted to a jury for proof beyond a reasonable doubt); *United States v. Sterling,* 283 F.3d 216, 219-20 (4th Cir. 2002) (adopting a preponderance of the evidence standard for proof of prior convictions).

---

[4] Petitioner argues that the "Rule of *Alleyne*" extends *Apprendi* to mandatory minimum penalties and requires the jury to determine a fact that increases the mandatory minimum penalty for a crime. *Alleyne v. United States*, 133 S. Ct. 2151 (2013). This argument is unavailing. As previously discussed, *Almendarez-Torres* permits the judge to find the prior conviction whether it raises the *maximum* or *minimum* penalty. The Fourth Circuit recently held that "*Almendarez–Torres* remains good law, even after *Alleyne*." *United States v. Surratt*, 797 F.3d 240, 249 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015) (quoting *United States v. McDowell*, 745 F. 3d 115, 124 (4th Cir. 2014)).

**B. Petitioner's prior convictions qualify as "serious drug offenses" under the ACCA**

Petitioner argues that at least one of his prior convictions did not qualify as a "serious drug offense" under the ACCA. *See* Pet'r's Mot. to Vacate at 6-7, ECF No. 100. On January 7, 2000, Petitioner was found guilty of possession with intent to distribute cocaine. Presentence Report ¶ 31.   A Maryland state court imposed a sentence of five years imprisonment, with all but three years suspended. *See id.* Petitioner asserts that as a first time offender in Maryland, he was only eligible for a maximum sentence of five years and, therefore, that his conviction does not qualify as a "serious drug offense" under the ACCA. *See* Pet'r's Mot. to Vacate at 6-7, ECF No. 100; Pet'r's Mot. to Am. at 2-3, ECF No. 108.

Petitioner misinterprets the standard for qualifying "serious drug offense" under the ACCA.   In determining whether a conviction qualifies, courts do not consider the actual sentence imposed upon a defendant, but instead look to the maximum term of incarceration that he faced. *See, e.g., United States v. Smith,* 337 F. App'x 362, 364 (4th Cir. 2009) (stating that "the relevant inquiry under the ACCA is the maximum penalty to which the defendant was subject").

In this case, Petitioner faced a maximum sentence of twenty years for his first conviction of possession with intent to distribute in 2000.[5]  The state court's decision to impose a shorter sentence of five years for Petitioner's first conviction does not change the fact that the conviction had a "maximum term of imprisonment of ten years or more [as]

---

[5] Petitioner was sentenced under Article 27, § 286(b), which is now codified at MD. CODE ANN. CRIM. LAW § 5-608., for possession of a Schedule I narcotic drug (cocaine) subject to "imprisonment for not more than 20 years, or a fine of not more than $25,000, or both."

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).    Therefore, Petitioner's prior narcotics

conviction necessarily qualifies as a "serious drug offense" under the ACCA.[6]

### C. *Simmons v. United States* is inapplicable because this Court did not look to a "hypothetical defendant" in determining whether Petitioner's prior convictions qualified as "serious drug offenses" under the ACCA

Petitioner cites *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (en banc), and a

string of related cases, *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), *Carachuri–Rosendo v.

Holder,* 130 S.Ct. 2577 (2010), and *Newbold v. United States*, 134 S.Ct. 897 (2014), for the

proposition that a Court should not determine that a defendant's conviction was punishable

by a term of imprisonment of greater than ten years unless "the finding is part of the record

of conviction." *See* Pet'r's Mot. to Am. at 2-3, ECF No. 108; *see also* Pet'r's Mot. to Vacate at

14-17, ECF No. 100. Since Petitioner's record indicates that he was only sentenced to  five

years imprisonment for his first conviction, he contends that it does not qualify as a

predicate offense under the ACCA.

Petitioner incorrectly applies these cases. In *Simmons,* the United States Court of

Appeals for the Fourth Circuit reviewed the use of a conviction for simple possession of

marijuana as a felony predicate conviction for sentence enhancement under the Controlled

Substances Act, 18 U.S.C § 924(c)(2). Even though the maximum sentence the defendant

had faced for his prior conviction was less than one year, the district court found that the

crime qualified as a predicate offense because the state prosecutor could have sought an

enhanced sentence for recidivist possession. The Fourth Circuit, citing *Carachuri–Rosendo v.

Holder,* 130 S.Ct. 2577, 2587 n.12 (2010), held that courts could not use hypothetical sentence

---

[6] Petitioner's third claim that a "miscarriage of justice" resulted from this Court's determination that he qualified for a penalty enhancement under the ACCA fails for the reasons stated above.

enhancements to determine that prior convictions qualified as predicate felonies. *Simmons*, 649 F.3d at 243. Rather, courts must "look to the conviction itself as [the] starting place" when determining whether a prior conviction qualifies as a felony predicate. *Id.* at 242 (quoting *Carachuri–Rosendo,* 130 S.Ct. at 2586).

In the present case, this Court did not rely on theoretical sentence enhancements when it found that Petitioner's prior narcotics conviction qualified as a "serious drug offense" under the ACCA. The record of conviction for Petitioner's first narcotics offense shows that while the Petitioner only received a sentence of five years, the charged offense (under Art. 27 § 286(a)) carried an underlying maximum term of twenty years imprisonment. *See* Presentence Report ¶ 31. As previously discussed, it is not the sentence given, but the underlying maximum term of the offense, which guides designation as a "serious drug offense" under the ACCA. *See, e.g., United States v. Smith,* 337 F. App'x 362, 364 (4th Cir. 2009) (stating that "the relevant inquiry under the ACCA is the maximum penalty to which the defendant was subject"); *see also United States v. Newbold*, 791 F. 3d. 455, 462 (4th Cir. 2015), *on remand from Newbold v. United States*, 134 S.Ct. 897 (2014) (noting the Court "must determine the maximum penalty that [the defendant] faced given his particular offense and his particular criminal history"). Therefore, this Court properly looked to the maximum penalties available for Petitioner's convictions in determining whether they met the qualification for "serious drug offenses" under the ACCA.

### D. Petitioner's reliance on *Johnson v. United States* is improper because his qualifying convictions under the ACCA were "serious drug offenses," not "violent felonies"

Petitioner cites *Johnson v. United States*, 135 S. Ct. 2551 (2015) for the proposition that the "residual clause" of the ACCA is unconstitutional because it failed to provide sufficient notice of the types of convictions covered under the ACCA. *See* Pet'r's Mot. to Am. at 3, ECF No. 108. While Petitioner correctly cites the holding in *Johnson*, the *Johnson* case does not apply to his prior convictions because it addressed the definition of prior "violent felony" under the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), not "serious drug offense." *Id.* at 2551. The Petitioner's qualifying prior convictions under the ACCA were "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A)(ii). Thus, the unconstitutionality of the "residual clause" within the definition of "violent felony" has no effect on his sentence.[7]

## II. Petitioner's Trial Counsel Did Not Provide Ineffective Assistance

Petitioner argues that he received ineffective assistance of counsel at his trial. Specifically, he objects that his trial counsel (1) failed to object to this Court's finding that Petitioner qualified as an armed career criminal and (2) failed to investigate whether his prior convictions should have qualified as "serious drug offenses." Additionally, Petitioner objects to his counsel's failure to raise an argument under *Carachuri-Rosendo*, and argues that his ineffective assistance resulted in a "miscarriage of justice."

---

[7] Petitioner also contends that his Due Process rights were violated by the vagueness of the "residual clause." For the reasons stated above, this argument is unavailing. Petitioner's qualification as an armed career criminal did not depend on the "residual clause" of the ACCA's definition of "violent felony."

**A. Petitioner's trial counsel did not act unreasonably by failing to raise the "Rule of *Apprendi*"**

Petitioner believes that the "Rule of *Apprendi*" governs, see discussion *supra*, requiring the jury to make the determination of whether Petitioner qualifies for the ACCA. Pet'r's Mot. to Vacate at 12, ECF No. 100.   Petitioner contends that Counsel's failure to raise *Apprendi* at sentencing fell below a standard of reasonableness and caused him "actual prejudice." *Id.*

As discussed previously, Petitioner misinterprets *Apprendi's* requirement that any fact which "increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt." Pet'r's Mot. to Vacate at 3, ECF No. 100. Petitioner overlooks the general exception to this requirement for prior convictions. *See Almendarez-Torres*, 523 U.S. at 247 (allowing the judge to determine the fact of prior conviction by a "mere preponderance of the evidence"). Because Petitioner's *Apprendi* argument is unmeritorious, counsel acted reasonably in not presenting it at sentencing. *See Truesdale v. Moore*, 142 F.3d 749, 756 (4th Cir. 1998) (noting "[i]t is certainly reasonable for counsel not to raise unmeritorious claims"). Moreover, this argument fails the second prong of *Strickland* because this argument would have been dismissed and therefore no change in the outcome would have resulted. *See Truesdale*, 142 F.3d at 756 (further noting that, "because these claims would have been dismissed had they been raised, [the petitioner] cannot show a reasonable probability of any different outcome at resentencing").

**B. Trial counsel did not act unreasonably in his handling of Petitioner's prior convictions**

Petitioner's second claim—that his counsel failed to properly investigate his prior convictions—is contradicted by the facts. Indeed, the record demonstrates that Petitioner's counsel noted objection to one of Petitioner's qualifying convictions. Sent. Trans. at 3-4, ECF No. 92. Petitioner's counsel noted that Petitioner's November 2002 felony narcotics conviction [Presentence Report at 6, ¶ 36] resulted from an Alford Plea and sought to disqualify it as a "serious drug offense" on that basis. *Id.* While the objection by Petitioner's counsel dealt with a conviction different than the one cited by Petitioner in his Motion to Vacate, it suggests Counsel did investigate Petitioner's prior convictions.

Furthermore, Petitioner is unable to demonstrate that his counsel's failure to object to his 2000 felony narcotics conviction actually prejudiced his case. As previously discussed, Petitioner's 2000 felony narcotics conviction qualifies for the penalty enhancement under the ACCA, despite Petitioner receiving a five-year sentence. *See, e.g., United States v. Smith,* 337 F. App'x 362, 364 (4th Cir. 2009) (stating that "the relevant inquiry under the ACCA is the maximum penalty to which the defendant was subject"). Even if Counsel had challenged Petitioner's 2000 felony narcotics conviction, this Court still would have imposed the same sentence because the underlying maximum sentence for the offense exceeded the required ten year minimum for a "serious drug offense" under the ACCA. This Court properly determined that Petitioner's prior convictions for "serious drug offenses" qualified him for career offender status.  Since the outcome would not have changed, no prejudice resulted and this argument fails the second prong of the *Strickland* analysis.

**C. Petitioner's trial counsel did not act unreasonably by failing to raise objections under *Carachuri-Rosendo***

Petitioner contends that under *Carachuri–Rosendo v. Holder,* 130 S.Ct. 2577 (2010) this Court must look to the record of conviction in determining if a prior conviction was punishable by a term of imprisonment greater than ten years. Pet'r Motion to Vacate at 15, ECF No. 100. As discussed *supra,* Petitioner argues that his first conviction does not qualify as a predicate offense for ACCA purposes because he was only sentenced to five years imprisonment. *Id.* Petitioner now argues that his counsel provided ineffective assistance by failing to raise this argument.

Petitioner does not satisfy his burden under *Strickland.* Under the performance prong, Petitioner must show that counsel's performance was unconstitutionally unreasonable. As discussed above, Petitioner misreads *Carachuri-Rosendo* and the applicable standard for a qualifying offense under the ACCA. *See Smith*, 337 F. App'x at 364 (noting it is not the sentence given, but the underlying maximum term of the offense, which guides designation as a "serious drug offense" under the ACCA).  As the argument presented by Petitioner is unavailing, counsel did not act unreasonably by failing to raise it. [8]

## III. Appellate counsel did not provide ineffective assistance

Petitioner argues that he received ineffective assistance of counsel because his appellate counsel failed to object to this Court, as opposed to a jury, determining that Petitioner's prior convictions qualified as predicate offenses under the ACCA and because his appellate counsel failed to argue that Petitioner's 2000 conviction for possession with

---

[8] Petitioner's additional claim that a "miscarriage of justice" resulted from his trial counsel's errors fails for the reasons stated *supra.*

intent to distribute cocaine did not qualify as a "serious drug offense" under the ACCA. Pet'r's Mot. to Vacate at 20, ECF No. 100.

Petitioner again fails to meet the second prong of the *Strickland* test. The second prong requires Petitioner to show that he suffered actual prejudice due to his counsel's alleged ineffective assistance. *Strickland,* 466 U.S. at 697. If Petitioner is unable to show prejudice, the "reviewing court need not consider the performance prong" of *Strickland. Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1297 (4th Cir. 1992). For the reasons stated previously, this Court properly determined that Petitioner's prior convictions qualified as "serious drug offenses." To the extent Petitioner's trial counsel might have raised additional arguments, they would have failed. As explained *supra, Apprendi* does not require the jury to determine if prior convictions qualify as predicate offenses under the ACCA. Furthermore, Petitioner's 2000 conviction qualifies as a predicate offense for the enhancement penalty under the ACCA because the underlying maximum penalty for the offense was twenty years. Therefore, Petitioner does not demonstrate actual prejudice, the second prong in the *Strickland* analysis, and his argument fails.[9] Accordingly, his final argument fails.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 100) is DENIED, and Petitioner's Motion for Leave to Supplement (ECF. No. 108) is GRANTED. Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this  Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   A certificate of appealability is a "jurisdictional

---

[9] Like before, Petitioner raises the additional argument that these failures resulted in a "miscarriage of justice." For the reasons stated herein, this argument fails.

prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        February 12, 2016

_____/s/_____
Richard D. Bennett
United States District Judge