IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN JERMAINE JOHNSON, | * | |
| Petitioner, | * | Civil Action No. RDB-19-1687 |
| v. | * | Criminal Action No. RDB-10-703 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * *

**MEMORANDUM OPINION**

*Pro se* Petitioner Kevin Jermaine Johnson ("Petitioner" or "Johnson") has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 134.) The Government has opposed the motion. (ECF No. 144.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 134) is DENIED.

**BACKGROUND**

On November 16, 2010, a federal grand jury sitting in this District returned an indictment against Johnson charging him with a single count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 1.) On December 14, 2011, following a three-day jury trial before Judge Benson Everett Legg[1], Johnson was found guilty of that charge. (Jury Verdict, ECF No. 69.) At sentencing, Judge Legg determined that

---

[1] Following Judge Legg's retirement, this case was reassigned to the undersigned.

Johnson qualified as an Armed Career Criminal under 18 U.S.C. § 924(e). (Sentencing Tr., ECF No. 92 at 2-3.) Accordingly, Johnson faced a 15-year mandatory minimum term of imprisonment and an advisory guidelines range of 235-293 months in prison. (*Id.* at 3.) Judge Legg ultimately sentenced Johnson to a term of imprisonment of 216 months. (Judgment, ECF No. 81.) The United States Court of Appeals for the Fourth Circuit affirmed Johnson's conviction and sentence. *See United States v. Johnson*, 499 F. App'x 257, 258 (4th Cir. 2012). Johnson later filed a *pro se* petition under 28 U.S.C. § 2255, which this Court denied. (Memorandum Opinion, ECF No. 109.) The Fourth Circuit denied Johnson a certificate of appealability and dismissed his appeal of this Court's denial of his petition. (Judgment of USCA, ECF No. 118.)

Several years later, Johnson filed another petition under 28 U.S.C. § 2255. (No. 127.) Johnson later filed a motion to amend his second petition in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).[2] (ECF No. 130.) On November 27, 2019, Johnson filed his amended petition, raising a single ground for relief on the basis of *Rehaif*.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2)

---

[2] Johnson's motion to amend (ECF No. 130) is GRANTED. Accordingly, Johnson's earlier motion to vacate under 28 U.S.C. § 2255 (ECF No. 127) is MOOT. This Court considers Johnson's amended motion (ECF No. 134).

the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## ANALYSIS

In *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), the United States Supreme Court held that "in a prosecution under 18 U. S. C. §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." In *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), the Supreme Court held that "in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first

makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."[3]

## I.   Petitioner's Motion is Successive and Lacks Proper Authorization

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

This is the second motion that Petitioner has filed under 28 U.S.C. § 2255. (*See* Mot. to Vacate, ECF No. 100.) This Court denied Petitioner's first motion on the merits. (ECF Nos. 109, 110.) There is no indication that Johnson has petitioned the Fourth Circuit for an order authorizing this Court to consider a second or successive application for relief, and no such authorization has been granted. Therefore, this Court does not have jurisdiction to consider Petitioner's second motion

## II.   Petitioner is Not Entitled to Relief

Even assuming that this Court had jurisdiction to consider Johnson's motion, he is not entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because his claim is

---

[3] The Supreme Court's decision in *Greer* reversed the holding of the Fourth Circuit in *United States v. Gary*, 954 F.3d 194, 205-07 (4th Cir. 2020), that *Rehaif* errors are structural and require vacatur *per se*.

barred by procedural default. Procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)). A petitioner must show that the failure to raise the issue on appeal resulted from "something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. To establish actual prejudice to preclude procedural default, a petitioner must show the alleged error worked to his genuine and substantial disadvantage at trial. *United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Henry v. Foxwell*, RDB-18-164, 2018 U.S. Dist. LEXIS 53111, at *3 (D. Md. Mar. 28, 2018). In this case, there is no question that Petitioner has demonstrated cause for failing to raise his claim on direct appeal because *Rehaif* was not decided until after the Fourth Circuit had already affirmed his conviction and sentence. *See United States v. Dempster*, No. PJM 20-1424, 2022 U.S. Dist. LEXIS 28822, at *6 (D. Md. Feb. 17, 2022) (concluding that a petitioner had demonstrated cause for failing to raise his claim on direct appeal because *Rehaif* "was not announced until after he had already entered his plea and received his sentence").

Petitioner, however, has failed to demonstrate actual prejudice. To demonstrate actual prejudice, he would need to show that "but for the *Rehaif* error in the jury instructions, there is a reasonable probability that a jury would have acquitted him." *Greer v. United States*, 141 S. Ct. 2090, 2098 (2021). In this case, Petitioner has not asserted that he was unaware of his status as a person who had been convicted of a crime punishable by a term of imprisonment

5

exceeding one year. As in *Greer*, at the time he went to trial, Petitioner "had been convicted of multiple felonies. Those prior convictions are substantial evidence that [he] knew [he was a felon]." *Greer*, 141 S. Ct. at 2097-98. For example, on March 4, 2004, Petitioner was found guilty in the Circuit Court for Charles County, Maryland of possession with intent to distribute narcotics as well as a handgun violation. (Presentence Investigation Report ("PSR"), ECF No. 146 *SEALED* ¶ 36.) He was then sentenced to 10 years' incarceration. (*Id.*) As Judge Legg recognized at sentencing, Petitioner committed the offense at issue in this case "just a few short months after having been released" from the "substantial sentence" he received in Charles County. (ECF No. 92 at 20.)

The record also reflects that Petitioner had sustained at least *four other* prior felony convictions for which was sentenced to more than one year in prison. (ECF No. 146 *SEALED* ¶¶ 28, 29, 30, 35.) In short, the record clearly demonstrates that Petitioner knew of his status as a felon. Indeed, at trial, Petitioner himself stipulated that "on September 4, 2010, [he] was a person who had previously been convicted of a crime punishable by a term of imprisonment of more than one year."[4] (Dec. 13, 2011 Tr., ECF No. 90 at 124.) Accordingly, Petitioner cannot demonstrate that but for the *Rehaif* error, there is a reasonable probability that the jury would have acquitted him. *See Greer*, 141 S. Ct. at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)) ("demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons

---

[4] It is well established that when a defendant agrees to stipulate to the fact of a prior felony conviction, further proof of the specifics of the conviction is irrelevant and should be excluded. *Old Chief v. United States*, 519 U.S. 172, 185 (1997); *United States v. Hackley*, 662 F.3d 671, 684 (4th Cir 2011), *cert denied*, 566 U.S. 1030 (2012).

typically know they're convicted felons.'"). His claim is therefore barred by procedural default.

Even if Petitioner could demonstrate actual prejudice and overcome procedural default, his claim would still not warrant vacatur on plain-error review. "To obtain relief based on a *Rehaif* error, a defendant must demonstrate that there is a reasonable probability" that he would have been acquitted had the district court properly instructed the jury on "the mens rea element of the offense." *United States v. Hill*, No. 19-4745, 2022 U.S. App. LEXIS 5191, at *2 (4th Cir. Feb. 25, 2022). As noted above, no reasonable probability exists here because there is no question that Petitioner, who had just finished serving a 10-year sentence at the time he committed the offense at issue, knew that he was a felon when he possessed the firearm. Accordingly, even if this Court had jurisdiction to consider Petitioner's successive motion and even if his claim were not barred by procedural default, there would be no basis to grant relief.

## CONCLUSION

For the reasons stated above, Petitioner's Amended Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 134) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court

denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: March 8, 2022

_____/s/_____
Richard D. Bennett
United States District Judge